SLOAN v. RICE ET AL.

1. **Mortgage**: CONTINUANCE OF LIEN: NEW NOTE. The lien of a mort-
gage is presumed to continue until the debt is paid, even though a new
note be given therefor.

2. ———: ———: ———. When a new note has been given the burden
is upon the mortgagor to show an agreement that the mortgage should
be released upon the execution of the note.

*Appeal from Black Hawk District Court.*

MONDAY, OCTOBER 25.

ACTION to foreclose a mortgage executed by defendant Rice
to C. H. Elliott, to secure a promissory note for $1250. Elliott
indorsed the note to plaintiff, but prior to this Bird executed
a note to plaintiff for $308.35, under the following circum-
stances: Elliott was indebted to plaintiff in the sum of $308.35
and the note of Bird for that amount was given in payment of
that indebtedness. The petition alleges that the mortgage
stands as security for the amount of the note last mentioned,
while the answer sets up that, as to this sum, the mortgage is
discharged. The issues of fact were submitted to a jury, and
a verdict was rendered for defendant. Plaintiff appeals. Other
facts in this case, necessary for an understanding of the point
decided by the court, appear in the opinion.

*H. C. Hemenway*, for appellant.

*Boies & Couch*, for appellee.

BECK, J.— There was conflicting evidence given to the jury
as to the agreement between the parties upon the execution of
the small note to plaintiff. There was evidence tending to
prove, on the one hand, that it was understood the debt of Rice,
to that extent, was discharged and paid and the amount should
be credited on the larger note and the mortgage; while, on
the other hand, there was parol evidence tending to establish
that the giving of the note was not to be regarded as payment

upon the debt, and no credit should be given upon the original note and mortgage until the note last executed should be paid.    The following among other instructions were given to the jury:

"3.   If the jury find that the new note was to operate partly as a release or discharge of the mortgage, or was to operate as a credit upon the note secured by the mortgage, independent entirely of the mortgage, then you must find for the defendant.    But if the jury find that the new note of $308.35 was not to be a credit until it was paid, and that it was not to operate as a release or the discharge of the mortgage lien, and that it was expressly agreed it should not, then there would be no release of the mortgage, and you must find for the plaintiff."

"5.   The giving of a new note for a portion of an indebtedness secured by a mortgage for a large note would, ordinarily, make such note independent of the mortgage, and no verbal agreement that the new note should operate as a part of the mortgage would include it, as the fact of the giving of a new note is also a circumstance tending to show that it was not to be a part of the original indebtedness secured by the mortgage."

I.    These instructions, as we understand them, are conflict-

1. MORTGAGE. lien: new note. ing, and neither presents the correct rule.   The first announces the doctrine that, in order to hold the mortgage covers the new note, an express agreement to that effect must be shown; and the second, that the giving of a new note for a part of an indebtedness secured by a mortgage would not "ordinarily" release the mortgage *pro tanto*, and that a verbal agreement to the effect that the amount of the new note should continue to be covered by the mortgage would not be operative.    This is the obvious purport of the instructions, and each view presented is incorrect.    The doctrine of the law upon this subject is a familiar one, and has been announced by this court in the following language: "A mortgage is security for the payment of the debt.   As a general rule whatever extinguishes the latter at the same time puts an end to the former.    *    *    *    *    But, as the

Sloan v. Rice.

mortgage is given to secure the debt, the general rule is that nothing but actual payment of the debt, or an express release, will operate as a discharge of the mortgage. The lien is said to last as long as the debt, if there is no release. \* \* \* \* So again, unless there is an intention to the contrary, a mortgage made to secure a note will remain security for any new note given in payment of the former." *Packard v. Kingman*, 11 Iowa, 219.

The doctrine is that the mortgage will remain a lien until the debt be paid unless it be properly released. And the lien of the mortgage will follow the debt into the hands of an assignee though a new note be given to him therefor. *Packard v. Kingman et al., supra; Hendershott v. Ping*, 24 Iowa, 134; *Watkins v. Hill*, 8 Pick., 522. If it be shown in such cases that payment was intended by giving a new note this will defeat the mortgage.

II. From these rules it follows that as long as the debt exists, whatever changes the notes may undergo, the mortgage lien presumptively exists. The third instruction, above quoted, reverses this rule and holds, upon a change of the note, the presumption is that the mortgage is satisfied. The fifth instruction announces the same rule, and goes still further in the course of error by holding that upon the execution of a new note a verbal agreement that it should continue within the security of the mortgage would not be effective for that purpose. The burden rests upon the mortgagor to show an agreement releasing the mortgage as to the new note, not upon the mortgagee to show an agreement that the mortgage should continue as a security for the debt covered by the new note.

It is unnecessary to consider other questions made upon the record, as for the errors above pointed out the judgment of the District Court must be

REVERSED.