### FOSTER v. PAINE ET AL.

1. **Mortgage:** CANCELLATION OF: POWER OF ATTORNEY. A power of attorney which authorized an agent to cancel a mortgage on certain described real estate, and the notes secured thereby, and to take new notes and a new mortgage, of the same terms, in place thereof from another person, was held to contemplate a new mortgage on the same property, and the cancellation of the old mortgage thereunder without the taking of a new one was held to be void as against a subsequent mortgagee, who was charged by the record with notice of the terms and conditions on which the cancellation was authorized.

*Appeal from Davis District Court.*

WEDNESDAY, OCTOBER 19.

ACTION to foreclose a mortgage. The petition showed that in 1873 the plaintiff, James M. Foster, sold to the defendant, Jesse Fisk, certain land in Davis county; that Fisk executed to him his promissory notes for the purchase money and gave a mortgage to secure the same upon the land; that in 1876 Fisk sold and conveyed the land to the defendant, H. H. Draper, who assumed the payment of the mortgage debt; that afterwards it was arranged between the plaintiff, Draper and Fisk that the notes due plaintiff from Fisk should be taken up and that new notes executed by Draper to plaintiff should be substituted therefor, and secured by a mortgage upon the land to be executed by Draper and wife; that in pursuance of this arrangement for substitution and for the purpose of carrying out the same the plaintiff executed to one Peden a power of attorney, the power therein given being expressed in the following words: " to cancel a mortgage given by Jesse Fisk to James Foster, on the 21st day of August, 1873, on a tract of land described in said mortgage, lying in section twenty-five, township seventy north, of range thirteen, and to take up the notes which said mortgage is made subject to, and to take new notes and a new mortgage of the same terms of H. H. Draper in place thereof;" that

Peden acting under the power of attorney took substituted notes; that afterward, on the 14th day of August, 1877, Draper and wife executed a mortgage upon the land to the defendant Paine, and on the same day Paine induced Peden to cause his power of attorney to be recorded and to enter cancellation of the mortgage from Fisk to plaintiff; that Peden while entering cancellation did not take a new mortgage upon the land from Draper by way of substitution, and that the cancellation was void, as the defendant well knew or should have known, because Peden was not authorized by his power of attorney to enter cancellation without taking a new mortgage upon the land from Draper by way of substitution, and so the mortgage given is still in force, and plaintiff prays for a foreclosure of the same.

To the petition so showing in substance the defendants demurred. The court overruled the demurrer as to all the defendants except Paine, and sustained it as to him. A decree having been rendered making Paine's mortgage paramount to the plaintiff's he appeals.

*Trimble, Carruthers & Trimble,* for appellant.

*Payne & Eichelberger* and *Brown & Dudley,* for appellee.

ADAMS, CH. J.—The question presented arises upon the construction which should be given to the power of attorney. 

1. MORTGAGE: cancellation of: power of attorney. Was it the plaintiff's intention, as evidenced by the instrument, to abandon or retain his security upon the land? If the latter the attorney had no power to cancel the old mortgage without taking a new one upon the land.

It is certain that the attorney was to take a new mortgage upon something. But no other land is indicated, even by the remotest reference, nor is the attorney vested with any power to determine the sufficiency of a new security. It cannot be supposed for a moment that the plaintiff was will-

ing to abandon the old security for a new one without any regard to the sufficiency of the new one. The absence, then, of any power to determine the sufficiency of a new security is a significant circumstance. If the intention had been to exchange the old security for a new one not already agreed upon, the proper and most natural way of expressing the power would be to authorize the cancellation of the old mortgage upon other and sufficient security being offered.

It is true it does not appear from the power of attorney that Draper had become the purchaser of the land covered by the old mortgage, and without being such purchaser of course he could not properly mortgage that land. It is not possible therefore to say absolutely, looking at the power of attorney alone, that the attorney was to take a mortgage from Draper upon that land. But this we may say, that the power of attorney is consistent with the supposition that Draper had purchased the land. Indeed, we think the inference would be that it was given upon that supposition. Having reached this conclusion it is safe to say that the meaning of the power of attorney is, if Draper had purchased the land, that the new mortgage was to be given upon it. With the fact of purchase conceded, what would be uncertain without it becomes reasonably certain.

The conclusion reached is strengthened by the fact that the new mortgage was to be of the "same terms" and "in place" of the old one.

In our opinion the demurrer should have been overruled as to Paine as well as the other defendants, and a decree of foreclosure entered as prayed.

REVERSED.