## QUARLES *v.* STATE.

Decided October 17, 1891.

*Sabbath breaking—Theaters.*

> The manager of a public theater who sells tickets for and superintends an entertainment therein on Sunday is guilty of "laboring on Sunday," within the meaning of sec. 1883 of Mansf. Dig.

APPEAL from *Pulaski* Circuit Court.

ROBERT J. LEA, Judge.

*J. M. Rose* for appellant.

The words of sec. 1883, Mansf. Dig., are not wide enough to cover a Sunday theater or place of amusement. Sabbath breaking is not a common law offense. 2 Chitty, Cr. Law, 20. As the statute is in derogation of the common law, it must be strictly construed. Bish., St. Cr., secs. 216, 218. The word used is "labor," which has a legal technical meaning, and the statute was not intended to include amusements. 5 Pa. C. C., 10; 35 Hun, 327; 16 Ind., 396; 7 So. Rep., 223; 22 Weekly Law Bulletin, 323. These cases show that offenses must come clearly within the statute to be embraced in it.

*W. E. Atkinson,* Attorney General, and *Chas. T. Coleman* for appellee.

The statute is both penal and remedial, and should not be construed so strictly as to defeat its obvious intention. 8 Pick., 373; Suth. Stat. Constr., sec. 348; 29 Ark., 400. The acts set forth in the agreed statement clearly constitute a *laboring* on the Sabbath, within the meaning of the law. See 29 Ark., 386; 31 *id.,* 520; 45 *id.,* 348; 25 Barb., 341; 4 Ind., 619; 33 Ind., 201; 15 Ohio, 241; 119 Ind., 379.

HUGHES, J. The appellant was convicted upon an indictment in which he is charged with a violation of section 1883 of Mansfield's Digest, which provides that "Every person, who shall on the Sabbath or Sunday be found laboring, or shall compel his apprentice or servant to labor or to

perform other services than customary household duties, of daily necessity, comfort or charity, on conviction thereof, shall be fined one dollar for each separate offense." There were two counts in the indictment, in the first of which the charge is that "the said H. C. Quarles, on the 30th day of November, 1890, said day being Sunday, unlawfully was found laboring, to wit: Selling theater tickets, said labor then and there being other than customary household duties of daily necessity, comfort or charity." In the second count the appellant is charged with "laboring on Sunday by managing and superintending the Capital Theater for the purpose of producing and having produced a certain play and performance in said Capital Theater," etc.

The case was tried by the court upon an agreed statement of facts that "the defendant is the manager of the Capital Theater, where theatrical exhibitions are given for profit, and, at the time and place mentioned in the indictment, did open said Capital Theater, and did give a public theatrical entertainment therein, and did sell tickets and manage and superintend said exhibition."

The appellant asked the court to declare the law to be that "the opening, superintending and managing a public theater, giving a theatrical entertainment, and selling tickets therefor, is not labor within the meaning of section 1883 of Mansfield's Digest." This the court refused to do; as we think, very properly. The appellant excepted and appealed.

The only question presented here is: Did the acts charged and admitted to have been performed constitute labor, within the meaning of the statute? It was decided in *Tucker* v. *West*, 29 Ark., 401, that the execution of a promissory note on Sunday was a violation of the statute, and that the note was therefore illegal and void. This was approved in *Stewart* v. *Davis*, 31 Ark., 518, where a contract by a livery stable keeper to hire a horse on Sunday was decided to be in violation of the statute and void. In the case of *State* v. *Frederick*, 45 Ark., 348, it was decided that the usual ser-

vices of a barber in shaving, hair cutting, etc., amount to labor within the meaning of the statute. The cases of *Tucker* v. *West* and *Stewart* v. *Davis* were put on the ground that the acts done were in violation of the spirit and intention of the statute. In the case at bar the acts done were in violation of the letter of the statute, as they, in the opinion of the court, constituted laboring on Sunday, within the meaning of the statute.

The judgment is affirmed.