HILL et al. v. HITE et al.

(Circuit Court of Appeals, Eighth Circuit. February 14, 1898.)

No. 957.

1. MORTGAGE EXECUTED ON SUNDAY—ARKANSAS STATUTE.
   Under the Arkansas statute making it a misdemeanor to labor, or to compel an apprentice or servant to do any labor, on Sunday, other than customary household duties of daily necessity, comfort, or charity, a mortgage and notes executed on Sunday are void. 79 Fed. 826, affirmed.

2. FEDERAL COURTS—FOLLOWING STATE DECISIONS.
   The decisions of the highest court of a state as to the effect of its Sunday laws upon contracts made and to be performed in the state will be followed by the federal courts. 79 Fed. 826, affirmed.

3. MORTGAGE EXECUTED ON SUNDAY — ACKNOWLEDGMENT DATED ANOTHER DAY.
   Where a mortgage was actually executed on Sunday, it is not validated by the fact that the certificate of acknowledgment bears date of a day prior or subsequent thereto.

4. INVALID RENEWAL OF MORTGAGE—RIGHT TO ENFORCE ORIGINAL MORTGAGE.
   Where, by reason of the invalidity of a renewal mortgage, the mortgagee has the right to enforce the antecedent mortgage, he cannot do so in a suit to foreclose the renewal mortgage.

5. FORECLOSURE OF MORTGAGE—RATIFICATION OF MORTGAGE EXECUTED ON SUNDAY—PLEADING.
   Where, to a mortgage sued on, the defense is set up that it was executed on Sunday, complainant cannot make a subsequent ratification available under the general replication, but must plead it by way of amendment in a supplemental bill.

Appeal from the Circuit Court of the United States for the Eastern District of Arkansas.

H. M. Hill, Thomas B. Harvey, and De Roos Bailey filed brief for appellants.

S. R. Cockrill and Ashley Cockrill filed brief for appellees.

Before SANBORN and THAYER, Circuit Judges, and PHILIPS, District Judge.

PHILIPS, District Judge. This is a suit in equity brought by appellants to foreclose a mortgage and enforce the payment of notes secured thereby. The mortgage is alleged to have been executed by appellees, Henry C. Hite and Laura Hite, husband and wife, and the notes are alleged to have been executed by said Henry C. Hite. The mortgage on its face bears date of March 21, 1890, and purports to have been acknowledged on the 22d day of March, 1890. The answer of defendants interposed the following defenses: First. That defendant Henry C. Hite, at the time of the execution of the mortgage, was too drunk to comprehend what he was doing; that he was so irrational as not to understand the business he was transacting, and did not know that he was executing the mortgage; and that these facts were known to the complainants, who procured the execution of the mortgage. Second. That the real estate covered by the mortgage constituted the homestead of defendants; and that the defendant wife executed the same under duress of her husband, against her free will and consent; and that these facts were known to complainants at the time the mortgage was executed. Third. That a designated portion of the land mentioned in the mortgage was so imperfectly described as to be incapable of identification. Fourth. That the instruments in question were executed on Sunday. Other matters were pleaded in the answer which are not necessary to be considered. To this no replication was filed, under the impression, as we assume, that the Code of Arkansas, which does not require any replication to put in issue new matter pleaded in the answer, was applicable to this proceeding. This, however, was a misconception of an equity proceeding. State statutes regulating matters of practice in courts of law or equity have no effect upon the jurisdiction or practice of the federal courts in equity cases. 1 Fost. Fed. Prac. § 6; Blease v. Garlington, 92 U. S. 8. But, as the parties went to trial and proceeded upon the assumption that the matters pleaded in the answer were at issue, the failure to file the replication may be treated as if this requirement had been waived. The circuit court, in passing upon the facts, found that by a vast preponderance of the evidence it was established—First, that the mortgage and notes sued on were signed and delivered on Sunday, and that these facts were known at the time of the execution of the mortgage to the trustee named therein, who was also the then acting agent of complainants; second, that Laura Hite, the wife, executed and acknowledged the mortgage under duress, and that this fact was known to the said trustee and agent. The court made no finding on the question of fact as to whether the defendant Henry C. Hite was intoxicated.

On examination of all the evidence bearing upon the issue, we are entirely satisfied that the conclusion reached by the circuit court, that the mortgage and notes in question were executed on Sunday, and that complainant's agent (trustee) had notice thereof, was cor-

rect. It is sustained by the great preponderance of evidence. The statute of that state, in force at the time of the execution of said instruments, declared that:

"Every person who shall on the Sabbath or Sunday be found laboring, or shall compel his apprentice or servant to labor, or to perform other service than the customary household duties of daily necessity, comfort or charity, on conviction thereof shall be fined $1.00 for each separate offense."

The supreme court of the state has uniformly held that this statute makes void all contracts, including notes and mortgages, executed on Sunday. Tucker v. West, 29 Ark. 386; Merritt v. Robinson, 35 Ark. 483; Quarles v. State, 55 Ark. 10, 17 S. W. 269. The decisions of the highest court of the state respecting a contract made and to be executed there, in respect of the effect thereon of the Sunday laws, are binding on the federal courts. Bucher v. Cheshire Railroad Co., 125 U. S. 555, 8 Sup. Ct. 974. Counsel for appellants, however, contend that as the certificate of acknowledgment to said mortgage was dated as of Saturday, the day previous to the Sunday in question, it is unimpeachable. It is quite immaterial what date the officer taking the acknowledgment gave to his certificate. The mortgage did not become effective until it was executed and delivered; nor is the acknowledgment evidence of delivery. Freeman v. Peay, 23 Ark. 439; 1 Jones, Mortg. § 501. The acknowledging officer could not give effect to the void instrument by writing out his acknowledgment as of the day preceding or of the day succeeding the execution and delivery of the instrument. The deed, if not executed on Sunday, was good as between the parties from the time of its execution and delivery without acknowledgment.

The result from the foregoing facts found by the court, as matter of law, is that the contract sued upon is void; and it is therefore unnecessary to determine the other matters of defense interposed by the answer. It is insisted, however, in the brief of appellants' counsel, that this defense should not be sustained, because it is claimed that the evidence shows that the mortgage was based upon a most meritorious consideration, and that defendant Henry C. Hite afterwards recognized and ratified the existence and validity of the mortgage and the debts thereby secured. It does appear from the evidence in the case that the notes and the mortgage in question were given in renewal of an antecedent mortgage, executed by defendants, on the land in question to the complainants, to secure a corresponding debt. The complainants, it may be conceded, might have proceeded, notwithstanding the renewal of the notes and mortgage, to foreclose the antecedent mortgage, as the taking of a new note and mortgage was not payment and satisfaction of the pre-existing note and mortgage, in the absence of direct proof that the later notes and mortgage were given in extinguishment of the pre-existing debt. Geib v. Reynolds, 35 Minn. 335, 28 N. W. 923; Sloan v. Rice, 41 Iowa, 465; Oliphant v. Eckerley, 36 Ark. 69; Gregory v. Thomas, 20 Wend. 17. This would be especially so where the renewal mortgage is malum prohibitum. But the answer to this is that the suit is not based upon the pre-existing mortgage,

but is brought to enforce the mortgage of March 23, 1890. It is also to be conceded to the complainants that there is evidence in this record tending to show that after the execution of the mortgage in question, for a number of years, the defendant Henry C. Hite, by his letters written to the complainants, and by his course of dealing with them, recognized the existence and validity of the debt and mortgage in question, and that he was credited with sums exceeding $2,000 as payments on the first of the notes described in the mortgage, the proceeds r´ shipments of cotton made by him from time to time to the co ainants. Were it conceded that this would be sufficient to in new life into the mortgage, the complainants have not fr d their pleading so as to make this fact available. Under equity practice, where the answer, as in this case, sets up new matter in bar or avoidance of the cause of action sued on, if the complainant would interpose any matter supervenient, such as a ratification, in avoidance of the new matter set up in the answer, he should reply the new matter by way of amendment in a supplemental bill; for the general replication, "which alone is now used in equity, is a general denial of the truth of the defendant's plea or answer, and of the sufficiency of the matter alleged in it, to bar the plaintiff's suit, and an assertion of the truth of the sufficiency of the bill. * * * In the room of special replications, amendments of the bill have been substituted, and the plaintiff must now always be relieved according to the form and matter, either original or by amendment, contained in his bill." Story, Eq. Pl. (10th Ed.) § 878.

Assuming, as we have, that the case should be treated as if a general replication had been interposed to the answer, the status of the pleadings is that the new matter pleaded in the answer stood denied, and the making and execution of the mortgage in question was reaffirmed; and therefore the only issues involved were and are, was the mortgage executed and delivered as alleged in the bill? and, second, was it a fact that the same was executed and delivered on Sunday? The contention, therefore, that notwithstanding the contract in question was entered into on Sunday, in violation of the statute law of the state, yet, by reason of defendant's subsequent acknowledgment and ratification of the contract, a cause of action on the mortgage exists, is dehors the issues presented by the pleadings. Bank v. Armstrong, 62 Mo. 59; Currier v. Lowe, 32 Mo. 203; Wade v. Hardy, 75 Mo. 399. The decree of the circuit court is affirmed.