THE STATE OF KANSAS v. JOHN NESBIT.

No. 571.*

1. SUNDAY LAWS—*Power of Legislature.* It is within the constitutional power of the legislature to require a cessation of labor for one day in seven and to designate the day of rest. ˙Section 298 of chapter 100, General Statutes of 1897 (Gen. Stat. 1889, ¶ 2395), is constitutional.

2. CRIMINAL LAW—*Sufficient Complaint.* A complaint charging a statutory offense in the language of the statute is sufficient to sustain a verdict of guilty, in the absence of a motion to quash or to make the complaint more definite and certain.

3. PRACTICE, COURTS OF APPEALS—*Evidence not in Record.* Where the record does not contain the evidence, this court cannot say that the findings of the district court are unsupported by sufficient evidence. That question can be determined only from an examination of the evidence.

Appeal from Leavenworth district court; LOUIS A. MYERS, judge. Opinion filed September 17, 1898. Affirmed.

*L. C. Boyle,* attorney-general, *J. H. Wendorff,* county attorney, and *Baker, Hook & Atwood,* for The State.

*Fenlon & Fenlon,* for appellant.

The opinion of the court was delivered by

McELROY, J. : The appellant, John Nesbit, was charged, tried and convicted in justice's court of violating section 298, of chapter 100, of the General Statutes of 1897 (Gen. Stat. 1889, ¶ 2395). He appealed from the judgment rendered by the justice of the peace to the district court of Leavenworth county, where he was again tried by the court, a jury having been waived, and was convicted and sentenced to pay a fine of five dollars and the costs of the prosecution, from which judgment he appeals.

*Petition for order to certify denied by supreme court November 10, 1899.—REP.

The appellant contends, first, that the statute under which he was prosecuted is unconstitutional. The statute reads as follows :

"SEC. 298. Every person who shall either labor himself or compel his apprentice, servant or any other person under his charge or control to labor or perform any work other than the household offices of daily necessity, or other work of necessity or charity, on the first day of the week, commonly called Sunday, shall be deemed guilty of a misdemeanor, and fined not exceeding twenty-five dollars."

Nearly all the states of the union have enacted similar statutes. These statutes have usually been held to be constitutional and within the proper exercise of legislative power. The legislature has the power to make such laws as are necessary to preserve the public health and protect the public safety. In the exercise of that power, the legislature has the right, within certain limitations, to determine what laws are necessary to accomplish that purpose. The statute in question is within the municipal or police regulations. The appellant in support of his contention relies on two cases, neither of which supports his position. In *People v. Havnor*, 149 N. Y. 195, 31 L. R. A. 689, 43 N. E. 541, the court held that a statute prohibiting barbers from carrying on their trade on Sunday was a constitutional exercise of the police power to promote the public health, and that a statute permitting barbers in two localities of the state only to pursue their business during certain hours on Sunday does not deny to barbers in other places within the state the equal protection of the laws, when it affects all in the same locality alike.

In *Bloom v. Richards*, 2 Ohio St. 387, the court said :

"We are, then, to regard the statute under consideration as a mere municipal or police regulation,

whose validity is neither strengthened or weakened by the fact that the day of rest it enjoins is the Sabbath day. Wisdom requires that men should refrain from labor at least one day in seven, and the advantages of having the day of rest fixed, and so fixed as to happen at regular recurring intervals, are too obvious to be overlooked. It was within the constitutional competency of the general assembly to require this cessation of labor and to name the day of rest. It did so by the act referred to, and, in accordance with the feelings of a majority of the people, the Christian Sabbath was very properly selected. But regarded merely as an exertion of legislative authority, the act would have had neither more nor less validity had any other day been adopted.''

In the American and English Encyclopedia of Law, vol. 24, p. 530, we find these very pertinent assertions:

''The question of the constitutionality of statutes providing for the observance of Sunday has been considered in many cases, in most of which these statutes have been attacked as attempts to infringe the right of religious liberty; but the courts have held, almost without exception, that such legislation is constitutional, and not in contravention of those clauses of the constitution of the United States and of the various states which guarantee full civil and religious liberty and security of life and property. So that the constitutionality of Sunday statutes may be said to be settled. Such statutes do not compel the observance of Sunday as a religious, but as a civil institution, and, therefore, do not violate any fundamental law prohibiting the passage of laws respecting the establishment of religion or restraining the free exercise thereof. They are a proper exercise of the police power of the state, are intended for the promotion of the moral and physical well-being of the people, and interfere with no vested rights.'' (See also *People v. Moses*, 140 N. Y. 214, 35 N. E. 499.)

Our supreme court has not, to our knowlege, passed

The State v. Nesbit.

on the question here presented, yet incidentally, in *Johnson v. Brown*, 13 Kan. 529, Brewer, J., delivering the opinion of the court, said :

"At common law a contract on Sunday was valid ; but in England, and in every state of the union, have been enacted what are familiarly known as Sunday laws, for the prevention of labor and business upon that day. Most of these statutes prohibit both labor and business ; and under the latter term the making of contracts has in many states been decided to be within the prohibition. Our own statute simply prohibits labor. . . . The thing prohibited is labor, and a contract made on any day to perform labor on Sunday, save the household offices of daily necessity, or other works of necessity or charity, is a contract to do a thing prohibited, and therefore void."

The statute under consideration is not class legislation, nor does it violate any of the provisions of the constitution. It is clearly within the constitutional power of the legislature to require this cessation of labor for one day in seven, and to designate the day of rest. The act under consideration is therefore constitutional and a valid police regulation.

The appellant next contends that the complaint is wholly insufficient to charge an offense under that section of the statute. The complaint in substance charges the offense in the language of the statute. This is generally sufficient. There was no motion made to quash the complaint, or to make it more definite and certain. The only way in which the sufficiency of the complaint was challenged was by an objection to the introduction of any testimony at the trial, and by a motion in arrest of judgment. The proper time to raise the question of the sufficiency of a complaint, before a verdict, is by a motion to quash. It is not good practice to raise an objection to a complaint by an objection to the introduction

of testimony. It is important that the sufficiency of the complaint be disposed of before arraignment, so that if the complaint be defective the same may be amended. If the complaint be indefinite and uncertain, these defects are waived by a plea of not guilty and by submitting to a trial thereon. (*The State v. Pryor*, 53 Kan. 657, 37 Pac. 169.) The complaint no doubt sets out the offense with more particularity than is necessary. It reads :

"That at said county, on· or about the 5th day of July, A. D. 1896, said John Nesbit did unlawfully labor and perform work ; that is, he, the said Nesbit, did then and there follow his usual and ordinary avocation or business of a barber on said day, which was the first day of the week, commonly called Sunday ; said work was performed, to wit, shaving a person, not being the household offices of daily necessity, nor a work of charity or other necessity. All in violation of the laws of Kansas."

The complaint is indefinite and uncertain as to whether the offense was committed on the 5th day of July, but it is definite and certain in this, that Nesbit did unlawfully labor and perform work—did follow his usual, ordinary vocation or business of a barber on the first day of the week, commonly called Sunday, on or about July 5, 1896. The complaint charges an offense under the statute, and is sufficiently definite and certain to sustain the judgment of the court thereon. (*The State v. Knowles*, 34 Kan. 393, 8 Pac. 861 ; *The State v. Rook*, 42 id. 419, 22 Pac. 626 ; *The State v. Combs*, 47 id. 136, 27 Pac. 818.)

The contention is also made that the complaint is insufficient because it does not affirmatively appear that the appellant was not one of the·persons described in the exception in section 299, excepting certain persons from the operation of section 298, prohibiting

The State v. Nesbit.

labor on Sunday. This contention is not tenable. Where the exception is not incorporated with the clause defining the offense, nor connected with it in any manner by words of reference, it is not a constituent part of the offense, but is a matter of defense, and must be pleaded or given in evidence by the accused. (*United States v. Cook*, 17 Wall. 168). The contention is also made that the complaint is insufficient because the facts therein stated do not constitute a public offense; that shaving a person is not labor, within the meaning of the act.

The complaint alleges that the appellant is a barber by trade; that he did unlawfully labor and perform work, and did follow his usual and ordinary vocation or business of a barber. The shaving of a person was within the appellant's usual and ordinary vocation, within his usual course of business; it was his trade; it was the business by which he obtained his subsistence, his manner of earning a livelihood. It was labor. The shaving of a person by a barber in his usual and ordinary business is labor, within the meaning of the act under consideration. (*Quarles v. State*, 55 Ark. 10, 14 L. R. A. 192, 17 S. W. 269; *Commonwealth v. Waldman*, 140 Pa. St. 89, 11 L. R. A. 563, 21 Atl. 248; *State v. Frederick*, 45 Ark. 348.)

The final contention of the appellant is that the finding of the court is not sustained by sufficient evidence. The bill of exceptions does not contain the evidence; it simply states what the evidence tended to show. It has been settled in this state that, in order to have the testimony considered on appeal, the evidence must be included in the bill of exceptions. (*The State v. McClintock*, 37 Kan. 40, 14 Pac. 511; *The State v. Gibson*, 52 id. 22, 34 Pac. 408.)

The judgment of the trial court must be affirmed.