PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* ANTONIO PANIAGUA, Defendant and Appellant.

No. 2364. Argued March 25, 1925.—Decided April 7, 1925.

1. CARRYING ARMS—PLEADING—INFORMATION—EXCEPTIONS.—In an information for a violation of the law forbidding the carrying of arms it is not necessary to allege facts showing that the search of the defendant was lawful. Where an exception is so incorporated into a penal statute as to form a part of the definition of the offense, such exception must be negatived in the information, but when the offense is first defined and exceptions are subsequently enumerated the benefit of the exception must be presented as a defense.

Second District Court of San Juan, M. Rodríguez Serra, J. Judgment of conviction for the offense of carrying arms. *Affirmed.*

José Soto Rivera and José R. García for the appellant. José E. Figueras, Fiscal, for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

The defendant was convicted of an offense of carrying prohibited arms and sentenced to sixty days in jail.

No statement of the case or bill of exceptions has been

brought up and the only question here raised by the appellant refers to the insufficiency of the information, which reads in part as follows:

"That at about 9.30 p. m. on April 20, 1924, in Hato Rey, Río Piedras, within the Second Judicial District of San Juan, the defendant, Antonio Paniagua, then and there unlawfully, maliciously and wilfully and for purposes of offense and defense, carried on his person a revolver of calibre 38, loaded with six cartridges, it being an arm made exclusively for purposes of offense and defense, while the said defendant was attending a political meeting at which he was to address the public, there being a great number of persons assembled, thereby violating section 4 of the Act to prohibit the carrying of arms, approved July 1, 1905."

[1] The appellant maintains that under the Act to prohibit the carrying of arms of March 9, 1905, as amended on March 12, 1908 (Compilation of 1911, p. 950), which draws a distinction between the lawful and unlawful search of persons by officers for the purpose of seizing firearms or other weapons coming under the law, the information in this case should have stated the reasons why the prosecuting witness searched and arrested the defendant.

The point raised by the appellant was settled in the case of *People* v. *Rosenstadt & Waller,* 28 P.R.R. 896, and cases therein cited, the court saying:

"Where an exception is so incorporated into a penal statute as to form a part of the definition of the offense, such exception must be negatived in any information prosecuted thereunder. *People* v. *Cortés,* 24 P.R.R. 195. Where however the offense is first defined and contains exceptions subsequently enumerated, the benefit of the exception must be presented as a defense. *United States* v. *Cook,* 17 Wall. 168; *People* v. *Cortés, supra;* 16 C. J. 353; *Nesbit* v. *State,* 54 Pac. 326, 328; *Rider* v. *Lakewood Market Co.,* 88 A. 194, 196.

"A mere examination of the statute shows that the case of a mere apprenticeship is not a part of the definition of the offense, but a clear exception therefrom separately enacted in an independent clause. Not being an apprentice is not made a part of the definition."

Section 1 of the Act to prohibit the carrying of arms of 1905 (Compilation of 1911, section 5994) specifies the arms prohibited and defines the manner in which the offense shall be considered as having been committed. Section 6 thereof (sec. 5999, Compilation of 1911), in declaring when a search is unlawful, is an exception established independently of the definition of the offense and this is not, therefore, a matter to be negatived in the information, but to be affirmatively pleaded and proved by the defendant.

The judgment must be affirmed.