PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* EMILIO MÁRQUEZ, Defendant and Appellant.

No. 2783.   Argued December 2, 1926.—Decided February 18, 1927.

*Hartzell, Kelly & Hartzell* and *Rafael O. Fernández* for the appellant.   *José E. Figueras* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

Appellant was sentenced to one month in jail for carrying a pistol in violation of Act No. 14 of June 25, 1924.

The first error assigned by the appellant is the overruling by the trial court of a motion to quash because his case had not been tried within 120 days without his having asked for any postponement.

The district attorney opposed the motion on the ground that the trial had been set for the 7th of April, 1925, and by

reason of the non-appearance of the defendant it was reset for April 14, 1925, and then because defendant defaulted again a bench-warrant was issued against him.

The court sustained the prosecution and denied the motion, stating in its decision that "defendant had been summoned on two occasions, could not be found and a warrant had been issued against him."

Appellant alleged in his motion that he had never been summoned for trial; that the address of the defendant was in the record; that he was an employee of the New York & Porto Rico S.S. Company, a well known foreman, and that he could have been found by inquiring at the place where the weapon had been taken from him.

Notwithstanding these allegations showing impliedly that the defendant was on bail, the appellant does not show, either by citing law or jurisprudence, that he had to be given notice of the settings for trial. In cases prosecuted before municipal courts there is the provision of section 24 as amended on March 12, 1903. It is thereby provided that a defendant shall be summoned to appear, but we do not find anything in regard to informations brought before the district courts. It seems therefore that the defendant was bound to know of the setting of the trial, and under these circumstances no error was committed by the court in overruling the motion.

The second error assigned by the appellant is the insufficiency of the information, in that as the word "illegally" is used in the definition of the offense as provided by section 1 of the law forbidding the carrying of arms as amended on June 25, 1924, it is then necessary that the information should state the facts constituting the alleged illegality, and there should be stated in a case like the present relating to the carrying of a pistol the pertinent exceptions among those set forth in sections 5 and 6 of said law.

A similar question was raised in the case of *People* v. *Paniagua,* 34 P.R.R. 100, with the difference that the doctrine

therein laid down was in the construction of the Act forbidding the carrying of arms of March 12, 1905, as amended March 12, 1908 (Comp. 1911, p. 950), but it does not vary in its application to the new law. We said in that case:

"The point raised by the appellant was settled in the case of *People* v. *Rosenstadt & Waller*, 28 P.R.R. 896, and cases therein cited, the court saying:

" 'Where an exception is so incorporated into a penal statute as to form a part of the definition of the offense, such exception must be negatived in any information prosecuted thereunder. *People* v. *Cortés*, 24 P.R.R. 195. Where however the offense is first defined and contains exceptions subsequently enumerated, the benefit of the exception must be presented as a defense. *United States* v. *Cook*, 17 Wall. 168; *People* v. *Cortés, supra;* 16 C. J. 353; *Nesbit* v. *State*, 54 Pac. 326, 328; *Rider* v. *Lakewood Market Co.*, 88 A. 194, 196.' "

The other errors assigned by the appellant in his brief are argued by him jointly and refer to the refusal of the court to decide the motion of the defendant regarding the return of the pistol; to the admission in evidence of the weapon illegally seized, and in not permitting witness José M. León to testify regarding the statements made by the policeman at the time of the arrest of the defendant.

It appears from the evidence for the prosecution that the defendant was working on the wharves of a steamship company and while stooping in his work a policeman saw the butt of a pistol protruding from his pocket. The policeman demanded that he hand over the weapon; the defendant refused and was then taken to one of the offices on the wharf where there was another policeman to whom he handed it.

The fact that the defendant exposed or uncovered a weapon to be seen by anybody inadvertently looking at him constituted the commission of an offense in the presence of the policeman who was there on duty and keeping order and who could see that an offense was being committed by the defendant by carrying a firearm in that place.

In the case of *People* v. *Guzmán*, 34 P.R.R. 111, we cited

with approval the case of *United States* v. *Kaplan,* 286 Fed. 973, as follows:

"'At common law it was always lawful to arrest a person without warrant, where a crime was being committed in the presence of an officer and to enter a building without warrant, in which such crime was being perpetrated.' *McBride* v. *United States* (C.C.A. Fifth Cir.) 284 Fed. 416, 419; *Vachina* v. *United States* (C.C.A. Ninth Cir.) 283 Fed. 35. This right has not been taken away by either constitutional or statutory provisions, and is so well established that further citation is unnecessary."

Therefore the Government agents could legally arrest the defendant even in the case of a misdemeanor, because it was being committed in their presence. Likewise, as the discovery of the weapon occurred because it was being exposed so as to be seen by such agents, the taking of the weapon from the person of the defendant is not really an illegal search forbidden by law without a proper warrant to that effect.

The refusal of the court to allow witness José M. León to testify regarding certain statements of the policeman who arrested the defendant, tending to support in that respect the testimony of the defendant, does not constitute error, because the witness was not present when they arrested the defendant and ordered him to surrender the weapon, but was referring to the moment when the defendant was taken to one of the offices on the dock, and on being questioned by the defense and by the judge he related the statements which coincide with the defendant's in certain particulars. But all these statements are at variance with the Government's evidence and the court decided the conflict against defendant, and it has not been shown that in doing so the court committed manifest error or acted with passion, prejudice or partiality in weighing the evidence as a whole.

For the foregoing reasons the judgment appealed from must be affirmed.

Mr. Justice Hutchison took no part in the decision of this case.