## STATE v. JOSIE A. STOUT.

No. A-6543.   Opinion Filed April 27, 1929.
(276 Pac. 795.)

W. F. Pardoe, Co. Atty., for the State.

George H. Jennings, for defendant in error.

EDWARDS, P. J. From a judgment of the county court of Creek county sustaining a demurrer to a complaint, the state appeals.

The record discloses that there was filed in a justice court of the city of Drumright a complaint charging defendant Josie A. Stout and others with the offense of Sabbath breaking in performing servile labor in operating a dance hall. The complaint alleges that defendant Josie A. Stout with others did "* * * conduct, manage and operate a certain public dance * * * which said acts on the part of said defendants were useless and caused interruption of the repose and religious liberty of the said community; and that said defendants so acting together did perform servile labor on said day and at said place, not works of charity or necessity, in that said defendants opened up a certain dance hall or pavilion at said place, and then and there sold tickets or admissions to said dance, received persons at said dance, checked their hats and parcels, engaged in and played jazz music from the hour of 8:30 p. m. to 12 o'clock, midnight, conducted, managed and directed the dancers, and that ( after) said dancers had left said pavilion, said defendants closed up said dance hall, and that said defendants conveyed themselves and musical instruments to and from said place."

Defendant was fined $1 by such justice of the peace, and she appealed to the county court. A demurrer was interposed to the complaint, which was sustained by the county court, to which ruling exceptions were taken, and the state appeals under section 2807, Comp Stat. 1921.

Apparently the pleader was attempting to charge a violation of the first subdivision of section 1825, Comp. Stat. 1921, which is as follows:

"The following are the acts forbidden to be done on the first day of the week, the doing of any of which is Sabbath-breaking.

"First. Servile labor, except works of necessity or charity.

"Second. Trades, manufactures and mechanical employment.

"Third. All shooting, horse racing or gaming.

"Fourth. All manner of public selling, or offering or exposing for sale publicly, of any commodities, except that meats, bread, and fish may be sold at any time before nine o'clock in the morning, and except that food and drink may be sold to be eaten and drank upon the premises where sold, and drugs, medicines, milk, ice and surgical appliances and burial supplies may be sold at any time of the day."

This statute was construed in the case of State v. Smith, 19 Okla. Cr. 184, 198 Pac. 879, and it was there held that the selling of admission tickets and conducting on Sunday in an orderly manner a moving picture show was not servile labor. The term "servile labor" does not mean the same as "labor," "common labor," "secular labor," or "work," but has a special meaning of "menial labor"; as is some time said, such work with the hands as was formerly done by slave labor. Webster's Inter. Dic. 1927; Campbell v. Int. Life Assurance Ass'n, 17 N. Y. Super. Ct. 316; Words and Phrases, First Series, vol. 5, p. 4343; 24 Cyc. 809; 16 R. C. L. 413; Twin Valley Tel. Co. v. Mitchell et al., 27 Okla. 388, 113 Pac. 914, 38 L. R. A. (N. S.) 235, Ann. Cas. 1912C, 582.

A clear distinction must be made between decisions involving a statute prohibiting all labor or work on Sunday excepting only the customary household duties or works of necessity or charity from a statute in which only

servile labor is prohibited. See City of Topeka v. Crawford, 78 Kan. 583, 96 Pac. 862, 17 L. R. A. (N. S.) 1157, 16 Ann. Cas. 403; Quarles v. State, 55 Ark. 10, 17 S. W. 269, 14 L. R. A. 192.

We can readily see that the conducting of a public dance on Sunday, the playing of jazz music, and the disturbance occasioned thereby might constitute a public nuisance (Blanton v State, 38 Okla. Cr. 149, 259 Pac. 655), or constitute a disturbance of the public peace, as defined by section 2004, Comp. Stat. 1921. The things charged in the complaint in this case, however, are not servile labor.

The ruling of the trial court is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.