No. 24,684.

THE STATE OF KANSAS, *Appellee*, v. J. M. WELDY, *Appellant*.

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Labor on Sunday—Sufficient Information—Language of Statute*. In a prosecution for the violation of sections 3661 and 3664, of the General Statutes of 1915, it is sufficient to charge the offenses in the language of the statutes.

2. SAME—*Evidence Sufficient to Support Conviction*. The evidence examined, and *held*, sufficient to support a finding of guilt.

Appeal from Wilson district court; SHELBY C. BROWN, judge. Opinion filed June 9, 1923. Affirmed.

*J. L. Stryker*, of Fredonia, for the appellant.

*C. B. Griffith*, attorney-general, *John F. Rhoades*, assistant attorney-general, and *W. H. Edmundson*, county attorney, for the appellee.

The State v. Weldy.

The opinion of the court was delivered by

HARVEY, J.:  Appellant was found guilty under an information charging him in the first count with labor on Sunday, in violation of section 3661 of the General Statutes of 1915, and in the second count with exposing to sale goods, wares and merchandise, and keeping open his grocery store on Sunday, in violation of section 3664, as qualified by section 3665, of the General Statutes of 1915. A jury was waived and the case was tried to the court upon an agreed statement of facts, reciting, in substance, that appellant owned and operated a grocery store in Wilson county, about a quarter of a mile outside of the corporate limits of Neodesha, near an industrial center where there were railroad shops employing about three hundred men and an oil refinery employing about seven hundred men, and that about fifty men employed near Wayside, Kan., by a pipe-line company, were residents of Neodesha. The industries operated on eight-hour shifts and the regular shift men worked on Sunday as any other day. When pay day comes on Saturday the men do not receive their checks until after the banks in the city are closed. The men employed for the pipe-line company return to Neodesha on Saturday night after the banks and stores are closed, and it had been their custom to provision their trucks with supplies for the coming week at appellant's store on Sunday and drive back to their work on Monday morning. The employees of the three industries mentioned requested appellant to keep his store open for their accommodation on Sunday. Appellant kept for sale at his store, gasoline, which was sold from a pump in front of the store, and fresh meat, milk, ice cream, spices, tobacco, and other food products such as are usually kept in grocery stores; he also had large refrigerators in which perishable products were kept. Many of the workmen did not have facilities to keep milk or meat over Sunday during the hot weather. As to just what appellant did, the agreed statement of facts recites:

"That on Sunday, the 27th day of August, A. D. 1922, the said defendant opened said store at nine o'clock a. m. for business and closed same at twelve o'clock m. of said day. That the said store was opened in accordance with the defendant's custom for a year last past. That during said time the said store was opened various persons purchased the commodities, whatever they might be, that were offered for sale. That defendant made several sales of bread, meat, milk, gasoline, and would have sold any other article in said store had

said customers desired to purchase same and did sell other articles from the general stock from said grocery store. That said sale of the said other articles were only incidental to the sales of the commodities mentioned and the said store would not have been kept open had it not been for the purpose of selling meats, milk, cream and gasoline. That defendant waited on said customers in person and performed such labor and duties as were necessary to care for said customers."

Upon the agreed statement of facts the court found appellant guilty and assessed a fine of $10 on each count.

Appellant complains, first, that the respective counts in the information do not state a cause of action. As to this, it is sufficient to say that the charge in each count is substantially in the language of the statute and this objection is not well taken.

Appellant contends that the agreed statement of facts does not show that the appellant committed any offense. It will be noted that this is a grocery store; that it was kept open for three hours on a specified Sunday, in accordance with a custom for the year previous. The statement also clearly shows that all of the merchandise in the store was exposed for sale, and at least in that sense offered for sale. That appellant did sell some articles other than the necessities mentioned and would have sold any articles he had in the store if a person desired to purchase them, which, of course, means that all of those articles were exposed for sale and offered for sale. Hence, from the agreed statement of facts, treated as evidence, it is clear that there was a violation of the statute as alleged in count two.

As to count one, appellant contends that such labor as was performed by him was performed in doing the things which constituted the violation (if there was a violation) of count two, but it will be noted that there would be very little labor in simply opening the store and exposing and offering the goods for sale which constitute the violation of count two. In addition to that, the agreed statement of facts, treated as evidence, shows that the defendant waited on the customers in person and performed such labor and duties as were necessary to care for the customers. This is a separate matter from simply opening the store and exposing the goods for sale, and its punishment is provided for by a separate section of our statute. Hence, this point is not well taken. Finding no error in the case, the judgment of the court below is affirmed.