No. 25,490.

THE STATE OF KANSAS, *Appellee,* v. DAN O'DONNELL, *Appellant.*

SYLLABUS BY THE COURT.

1. LABOR ON SUNDAY—*Information Charges in Separate Counts—Not Necessary to Allege That Defendant Was Not Within Statutory Exceptions.* In an information charging in separate counts violations of sections 3661 and 3664 of the General Statutes of 1915, it is not necessary to allege that the defendant did not come within the exceptions named in sections 3662 and 3665.

2. SAME—*Information Not Bad for Duplicity.* An information, drawn under section 3664 of the General Statutes of 1915, charging that the defendant kept his grocery store open for business on Sunday and did expose divers goods, wares, and merchandise for sale on that day, is not bad for duplicity.

3. SAME—*Keeping Store Open for Sale of Certain Goods Not Prohibited by Statute.* Keeping a store open on Sunday for the sale of drugs, medicines, provisions, and other articles of immediate necessity or exposing them for sale is not prohibited by section 3664 of the General Statutes of 1915.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. McCAMISH, judge. Opinion filed May 10, 1924. Affirmed in part and reversed in part.

*Arthur J. Stanley,* of Kansas City, for the appellant.

*Charles B. Griffith,* attorney-general, *Justus N. Baird,* county attorney, *Harry Hayward,* and *David E. Henderson,* assistant county attorneys, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant was prosecuted on two counts of an information. The first count charged that the defendant "did unlawfully and willfully labor and perform work other than the household offices of daily necessity or other works of necessity or charity, on the first day of the week, commonly called Sunday, by opening and keeping open for business a certain grocery store . . . and by exposing for sale and selling divers goods, wares and merchandise." The second count charged that the defendant "did unlawfully and willfully keep open for business on the first day of the week commonly called Sunday, a certain grocery store . . . and did . . . expose for sale divers goods, wares and merchandise."

A motion to quash the information was filed. The motion alleged that the information did not allege facts sufficient to consti-

tute an offense under the laws of Kansas and that the information and each count thereof was duplicitous. The motion to quash was denied.

A jury was waived, and the cause was tried on an agreed statement of facts, as follows:

"That at the city of Kansas City, in said county and state, in a building commonly known and described as number 2937 North 13th street, the defendant is now, and has been continuously for more than one year last past, engaged in carrying on a grocery business, and in selling goods, wares and merchandise, including among other things, a stock of foods or provisions.

"That the 21st day of October, A. D. 1923, was the first day of the week, commonly called Sunday.

"That on said last mentioned date, said defendant opened said store at eight o'clock a. m. for business and closed same at twelve o'clock a. m. of said day.

"That said store was opened in accordance with the defendant's custom for a year last past.

"That in order to open said store for business on October 21st, 1923, it was necessary to unlock the outside door of the building, put cash into the cash register for making change, and perform certain other minor tasks to put the store in shape for business as on ordinary days.

"That on the day in question defendant's stock of goods, wares and merchandise was exposed in the interior of the store as on regular business days, but he had no intention of selling anything, except provisions, to anybody, but these he intended to sell to any person who might have offered to buy, without making any inquiry, or otherwise ascertaining, whether or not the provisions sought to be purchased were of immediate necessity. Apart from the fact that defendant did not offer for sale anything other than provisions, his store was kept open on Sunday in the same way that it was kept open on other days of the week.

"The defendant was ready and willing to sell provisions without any limitation to any person who desired to purchase them, and exposed them for sale with that end in view.

"The defendant was ready, willing and able to wait upon customers in person and to perform such labor as would have been required to have done so.

"That the work and labor performed by defendant was not such as was required in performing the household offices of daily necessity, or other works of necessity or charity."

The defendant was found not guilty on the first count and guilty under the second count of the information. The court after stating the circumstances disclosed in the agreed statement of facts concluded with the following language: "I conclude, that a man does not violate the law by selling provisions, such as food prepared or to be prepared for eating." The state appeals on a question reserved on that conclusion of the court. The defendant appeals from

the judgment of conviction under the second count of the information.

1. The defendant urges that his motion to quash the information should have been sustained for the reason that the information did not contain allegations to show that the acts of the defendant were not within the exceptions provided by the statute. The information was filed before the Revised Statutes took effect and was drawn under sections 3661 and 3664 of the General Statutes of 1915. Section 3661 read:

"Every person who shall either labor himself or compel his apprentice, servant or any other person under his charge or control to labor or perform any work other than the household offices of daily necessity, or other works of necessity, or charity, on the first day of the week, commonly called Sunday, shall be deemed guilty of a misdemeanor, and fined not exceeding twenty-five dollars."

The exceptions to that section are found in section 3662, which read:

"The last section shall not extend to any person who is a member of a religious society by whom any other than the first day of the week is observed as the Sabbath, so that he observes such Sabbath, nor to prohibit any ferryman from crossing passengers on any day in the week."

Section 3664 read:

"Every person who shall expose to sale any goods, wares or merchandise, or shall keep open any ale or porter house, grocery or tippling-shop, or shall sell or retail any fermented or distilled liquor, on the first day of the week, commonly called Sunday, shall on conviction be adjudged guilty of a misdemeanor, and fined not exceeding fifty dollars."

The exception to that section was found in section 3665, which read:

"The last section shall not be construed to prevent the sale of any drugs or medicines, provisions, or other articles of immediate necessity."

With the exception of section 3664, these statutes appear in the Revised Statutes as they did in the General Satutes of 1915 and are sections 21-952, 21-953, and 21-956 of the Revised Statutes. Section 3664 of the General Statutes of 1915 has been revised and now appears as section 21-955 of the Revised Statutes. The change in section 3664 is immaterial so far as this case is concerned.

The question now presented to this court was disposed of in *The State v. Buis*, 83 Kan. 273, 111 Pac. 189, where this court said:

"Such an information was not defective because it omitted to negative certain statutory exceptions not contained in the clause of the act which

created the offense charged." (See, also, *The State v. Creamery Co.*, 83 Kan. 389, 111 Pac. 474; *Kansas City v. Jordan,* 99 Kan. 814, 163 Pac. 188; *The State v. Perello,* 102 Kan. 695, 171 Pac. 630.)

2. The second count of the information charged that the defendant kept his store open for business on Sunday and on that day exposed for sale divers goods, wares and merchandise. Section 3664 of the General Statutes of 1915, (R. S. 21-955) prohibits any person from exposing for sale any goods, wares or merchandise, and from keeping open any grocery store on that day. Was the information bad for duplicity? This question is answered by *The State v. Schweiter,* 27 Kan. 499, where the court said:

"Where the statute makes either of two or more distinct acts connected with the same general offense, and subject to the same measure and kind of punishment, indictable separately and as distinct crimes, when each shall have been committed by different persons and at different times, they may, when committed by the same person and at the same time, be coupled in one count as constituting all together one offense only. In such cases, the offender may be informed against as for one combined act in violation of the statute, and proof of either of the acts mentioned in the statute and set forth in the information will sustain a conviction." (Syl. ¶ 3.)

The rule there declared has been adhered to on a number of occasions. Citation of additional cases is unnecessary. The second count of the information was good against the objection that it was duplicitous.

3. The agreed statement of facts showed that the defendant kept his place of business open on Sunday for the sale of provisions and exposed provisions for sale on that day. Such sales would have been made to any person who desired to buy without regard to the necessity therefor. Did that show that he was guilty under the second count of the information?

It is necessary to construe section 3665 of the General Statutes of 1915. That section has been quoted; it need not be repeated. Does it mean that drugs, medicines, provisions and other articles are, under certain circumstances, articles of immediate necessity, or does the section mean that drugs, medicines, provisions and other articles of the same general class are designated as articles of immediate necessity? If the first of the two meanings suggested is the one intended, the language is not clear; if the last of the two meanings suggested is the one intended, the language used is very appropriate.

This, as well as most of our crimes act, was copied from the

statutes of Missouri. Decisions of the court of that state, if supported by good reasoning, are therefore very persuasive. The sections of the statute involved in this action are exactly the same as those of Missouri. In *State v. Campbell*, 206 Mo. 579, 586, decided in 1907, where the defendant had been convicted of selling lemons, the supreme court of Missouri said:

"It is clear that the General Assembly did not mean to say that drugs, medicines, provisions or other articles of immediate necessity which are embraced within the exception of the provisions of section 2244, were not goods, wares or merchandise, but simply sought to classify the character of goods, wares or merchandise which might be sold without violating the preceding provisions of section 2243. In other words, the articles embraced in section 2244 might fall within the definition of goods, wares or merchandise and the sale of them might not constitute any offense, for the reason that they fall within the exception provided for by section 2244."

The conclusion reached by the supreme court of Missouri accords with the language used in the statute. To give the statute any other meaning would require a strained construction of it, a construction not in accord with the rules of statutory interpretation. The articles named in the statute are by it classed as articles of immediate necessity. The statute does not prohibit the sale of drugs, medicines, provisions or other articles of immediate necessity. If their sale is permitted, they can be exposed for sale and a store can be kept open for their sale.

In *The State v. Weldy*, 113 Kan. 734, 215 Pac. 1005, a judgment convicting the defendant of violating sections 3661 and 3664 of the General Statutes of 1915 was affirmed. The conviction there was upon an agreed statement of facts as follows:

"That on Sunday, the 27th day of August, A. D. 1922, the said defendant opened said store at nine o'clock a. m. for business and closed same at twelve o'clock M. of said day. That the said store was opened in accordance wtih the defendant's custom for a year last past. That during said time the said store was opened various persons purchased the commodities, whatever they might be, that were offered for sale. That defendant made several sales of bread, meat, milk, gasoline, and would have sold any other article in said store had said customers desired to purchase same and did sell other articles from the general stock from said grocery store. That said sale of the said other articles were only incidental to the sales of the commodities mentioned and the said store would not have been kept open had it not been for the purpose of selling meats, milk, cream and gasoline. That defendant waited on said customers in person and performed such labor and duties as were necessary to care for said customers." (p. 735.)

The difference between the Weldy case and the present one is

that the defendant in the Weldy case kept his store open and sold articles other than drugs, medicines, provisions and other articles of immediate necessity and would have sold anything he had in his store, including gasoline and tobacco, while in the present case, the defendant had no intention of selling anything except provisions. The conclusion reached in the present case does not overrule *The State v. Weldy;* the two cases are in entire harmony with each other.

What has been said disposes of the appeal of the state on the question reserved by it, and the judgment in that respect is affirmed.

The judgment finding the defendant guilty on the second count is reversed, and the defendant is discharged.