No. 28,284.

F. M. Ewing, *Appellant*, v. George Halsey, doing business as The Halsey Flying Circus, *Appellee*.

(272 Pac. 187.)

Opinion filed December 8, 1928.

*C. L. Kagey, R. H. Noah* and *L. M. Kagey*, all of Beloit, for the appellant.
*J. F. Finch* and *C. A. Walsh, Jr.*, both of Beloit, for the appellee.

The opinion of the court was delivered by

Dawson, J.: This was an action for damages for breach of contract. The defense was that the contract was invalid because its performance required a breach of the penal statute forbidding unnecessary labor on Sunday.

The facts were these: Plaintiff and defendant entered into an oral contract whereby defendant agreed to put on an aërial circus performance at a pleasure resort owned by plaintiff in Mitchell county on Sunday afternoon, June 5, 1927. Under the terms of the contract plaintiff bound himself to advertise the flying circus in the newspapers in Beloit and Lincoln, and to bill the circus in forty-three towns. Plaintiff performed his part of the contract at an expense of $116.90. Defendant's obligation was to furnish the airplanes and put on the exhibition, for which he was to receive the first $200 of the gate receipts after plaintiff's expenses were deducted, and the balance of receipts was to be equally divided.

On the day named 2,500 people gathered to witness the exhibition, but defendant failed to appear, to the alleged damage of plaintiff in the sum of $270.95.

The cause was tried before a justice of the peace, and appealed to the district court, where a demurrer to plaintiff's bill of particulars was sustained.

Plaintiff assigns error.

The pertinent statute reads:

"Every person who shall either labor himself or compel his apprentice, servant or any other person under his charge or control to labor or perform any work other than the household offices of daily necessity, or other works of necessity or charity, on the first day of the week, commonly called Sunday, shall be deemed guilty of a misdemeanor, and fined not exceeding twenty-five dollars." (G. S. 1868, ch. 31, § 255; R. S. 21-952.)

Plaintiff contends that an aviator who makes his livelihood by giving exhibitions of his art, skill and daring in the operation of a flying machine is not a laborer within the meaning of the statute just quoted. He argues that the unnecessary Sunday labor which the crimes act forbids is the toilsome drudgery of an unskilled workingman; and the industry of plaintiff's counsel has brought together a respectable line of authorities from other jurisdictions supporting that argument. However, among our own decisions is one which cannot be overlooked or minimized. In *Topeka v. Crawford*, 78 Kan. 583, 589, 96 Pac. 862, the defendant, who owned a theater and operated it on a certain Sunday, was convicted under a city ordinance which in all essential particulars paraphrased the state law (R. S. 21-952, 21-953). Defendant contended that the evidence did not prove that he himself labored on Sunday, nor that he compelled his employees to do so. This court said:

"We must inquire in what sense the word 'labor' is used in the ordinance and, incidentally, in the state statute which it follows. . . . The sense in which this word is used in statutes depends upon the legislative intent. . . . The object of this ordinance is . . . to secure that opportunity for rest which, from the experience of mankind and the consensus of opinion, is believed to be for the highest good of the individual and the state." (pp. 587, 588.)

The court quoted from Pennsylvania and Ohio cases which expound the purpose of statutes requiring men to refrain from unnecessary labor at least one day in seven, and the moral and physical advantages supposed to attend the arbitrary imposition of a day of rest at regularly recurring intervals. The court summarized the evidence against Crawford thus:

"The evidence shows that the defendant regularly kept open and managed his theater, gave orders and directions to the employees in and about the stage, and to drivers in his employ who received from and returned to the railroad stations the baggage, scenery and paraphernalia of the traveling troupes, and that he sold the tickets for exhibitions, on Sunday. These manifold duties necessarily required some manual labor, although not of the kind usually classed as toilsome within the meaning of statutes such as these first referred to. . . . If we keep in mind the object of these regulations [statute and ordinance] we will see that the reason of the rule applies quite as forcibly to the theatrical manager as to the merchant. (p. 589.)

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"While this case may go further than this court has gone in the application of similar provisions, the language above quoted is quite pertinent to the present case.

"We hold  .  .  .  that the defendant, in managing his theater, selling tickets, and performing the work on Sunday charged in the complaint and proved on the trial, violated the ordinance. It is not necessary to inquire whether in employing and directing the work of laborers in and about the theater he 'compelled' them to labor within the meaning of the ordinance." (pp. 590, 591.)

There can be no difference in principle between the labor connected with the conduct of an indoor theater and the outdoor flying circus which was the subject matter of the contract between plaintiff and defendant. (*Levering v. Park Commissioners,* 134 Md. 48, 4 A. L. R. 374 and note.) And it is elementary law that a contract obligating the parties or either of them to violate a penal statute is unenforceable and void; and the breach of such contract is *damnum absque injuria*—a matter for which the law provides no redress. (13 C. J. 255; 6 R. C. L. 699; 25 R. C. L. 1435.)

See, also, *Jones v. Blacklidge,* 9 Kan. 562; *McBratney v. Chandler,* 22 Kan. 692; *Bowman v. Phillips,* 41 Kan. 364, 21 Pac. 230; *Alexander v. Barker,* 64 Kan. 396, 67 Pac. 829; *Thacker v. Smith,* 103 Kan. 641, and citations, 175 Pac. 893; *Shubert Theatrical Co. v Rath,* 271 Fed. 827, 20 A. L. R. 846, 855.

The judgment is affirmed.