No. 29,298.

THE STATE OF KANSAS, *Appellee*, v. C. B. KELLY, *Appellant.*

(284 Pac. 363.)

Opinion filed February 8, 1930.

*Herman Long*, of Wakeeney, for the appellant.

*William A. Smith*, attorney-general, *Walter T. Griffin*, assistant attorney-general, and *John R. Parsons*, county attorney, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a conviction under section 21-952 of the Revised Statutes, which reads—

"Every person who shall either labor himself or compel his apprentice, servant or any other person under his charge or control to labor or perform any work other than the household offices of daily necessity, or other works of necessity or charity, on the first day of the week, commonly called Sunday, shall be deemed guilty of a misdemeanor, and fined not exceeding twenty-five dollars."

The count of the information on which the defendant was convicted charged—

"That on the 14th day of April, 1929, in the county of Trego, and state of Kansas, C. B. Kelly did willfully, wrongfully and unlawfully open, superintend and manage a public picture show and the operating of a picture-projecting machine therefor and did sell tickets therefor and take money from the patrons of said show at prices varying from ten cents to fifty cents, and as such manager of said public picture show did compel his servants and employees under his charge and control at said picture show to labor and perform work, and such work performed by said C. B. Kelly and his said employees aforesaid was other than the household offices of daily necessity or other work of necessity and charity, said acts as aforesaid set out were performed on the first day of the week commonly called Sunday, contrary to the form of statutes made and provided in such cases and against the peace and dignity of the state of Kansas."

There was evidence which tended to prove that the defendant

operated a moving-picture show in Wakeeney; that the defendant operated it on Sundays; that he advertised in the local newspapers that the show would be open on Sundays; that he was in and about the theater building where the show was conducted, superintending the same, on Sundays; that he operated the show on Sunday, April 14, 1929; that he paid those who worked for him in the show by the week; and that on Sundays they did the things that were necessary to operate the show. There was evidence which tended to prove that on those days those who patronized the show paid such an amount as they desired for admission thereto; that in so doing one of the employees of the defendant received the money for tickets sold; and that the money was turned over to the defendant. There was no evidence to show that the defendant performed any of the labor necessary to be done operating the show except that he superintended its operation.

The court instructed the jury as follows:

"5. If you find and believe from the evidence beyond a reasonable doubt that on Sunday, April 21, 1929, at any time between midnight when Saturday, April 20, ended and midnight when Monday, April 22, began, the defendant, C. B. Kelly, in Trego county, did willfully open, superintend and manage a public picture show and the operating of a picture-projecting machine or if he did sell tickets for such show and receive money from the patrons of such show, if any; or if as manager of said show the defendant did compel his servants and persons under his charge and control at said picture show to labor and perform work on said Sunday, April 21, 1929, aforesaid, then you should find the defendant guilty on count 1, as charged in the information. If you do not so find you should acquit the defendant on count 1.

"6. As to each and all of the other counts from count 2 to count 10, each inclusive, you are instructed exactly the same as in the preceding instructions on count 1 with the proper and respective variations as to dates . . .

"8. If the defendant did the things which are stated in these instructions to be contrary to the law, but did them through any agent or servant or person or persons other than himself he would, under the law, be as guilty as if he did them himself under the general rule that what one does by another he does himself.

"9. If patrons of the picture show laid down money in any amount on their entrance into the theater, and if such money came into the hands of the defendant or of any employee of the defendant who at the time was directly or indirectly authorized to receive such money for him, the act of selling tickets would be accomplished even though tickets did not literally pass to or from the hands of those in charge of the show or its patrons."

Two offenses were charged in the count of the information on which the defendant was convicted—one that he opened, superintended, and managed a public picture show, sold tickets therefor,

took money from the patrons of the show, and the other that he compelled his servants and employees to labor in the operation of a show on Sunday.

In *Topeka v. Crawford,* 78 Kan. 583, 96 Pac. 862, this court said:

"To keep open, manage and superintend a theater and sell tickets therein on Sunday is labor within the meaning of an ordinance which provides that 'every person who shall either labor himself, or compel his apprentice, servant or any other person in his charge or control to labor or perform any work other than the household offices of daily necessity, or other work of necessity or charity, on the first day of the week, commonly called Sunday, shall be deemed guilty of a misdemeanor.'" (Syl. ¶ 3. See, also, *Dillard v. State,* 104 Neb. 209; 37 Cyc. 551, and note in 4 A. L. R. 385; and note in 50 A. L. R. 1052.)

If the defendant opened, superintended and managed the picture show and sold tickets, either by himself or through his employees, or received money from the patrons of the show therefor, he was guilty of violating the act quoted. The evidence tended to prove that he did all of those things. He was properly convicted for what he himself did and for what he did through his employees.

Complaint is made of the instructions which in substance stated that, if the defendant by himself or through its employees did the things charged in the information in operating the show, he should be deemed guilty. There was no reversible error in the instructions.

The judgment is affirmed.

Harvey, J. (dissenting): In my judgment the evidence in this case is not sufficient to sustain the verdict. The statute (R. S. 21-952), an old one, is directed at the person who himself labors, or who compels others (such as slaves, apprentices, or members of his family) to labor on Sunday. There is no evidence in this case that defendant compelled anyone to labor; in fact, all the evidence on that point is to the contrary. Neither is there any evidence that the defendant himself did any labor of any kind, either physical or mental, on the Sunday in question, or even that he was in or about the picture show on that day. I have no objection to convictions under this statute when the evidence warrants it (see *State v. Weldy,* 113 Kan. 734, 215 Pac. 1005), but decline to vote to affirm a conviction under this, or any other criminal statute, or even to sustain a verdict in a civil action, when evidence necessary to support it is lacking.

Jochems, J., concurs in this dissent.