No. 29,456.

THE STATE OF KANSAS, *Appellee*, v. SAM BLAIR, *Appellant*.

(288 Pac. 729.)

Opinion filed June 7, 1930.

*George E. Teeple,* of Mankato, for the appellant.

*William A. Smith,* attorney-general, *R. O. Mason,* assistant attorney-general, and *L. E. Weltmer,* county attorney, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant was convicted of violating the Sunday labor law on two counts under section 21-952 and on one count under section 21-955 of the Revised Statutes. He appeals.

The first count of the information charged—

"That on the 29th day of September, 1929, on the first day of the week, commonly called Sunday, in said county of Jewell, in the state of Kansas, and within the jurisdiction of this court, one Sam Blair did then and there unlawfully and willfully labor and perform work other than the household offices of daily necessity or other work of necessity or charity, by then and there opening and keeping open for business, and superintending and managing, a public moving- and talking-picture show and theater, commonly known as Blair theater, in the city of Mankato, and by then and there selling to the public generally for valuable consideration tickets of admission thereto, and by then and there taking up such tickets of admission from the patrons admitted."

The second count charged:

"That on the 29th day of September, 1929, on the first day of the week, commonly called Sunday, in said county of Jewell, in the state of Kansas, and within the jurisdiction of this court, one Sam Blair, as manager and owner of a public moving- and talking-picture show and theater, commonly known as Blair theater, in the city of Mankato, did then and there unlawfully and will-

fully compel his servants and employeeś under his charge and control, to wit: ticket seller, ticket takers, ushers and machine operator, to labor and to perform work, in and about the operation of said public show and theater, other than the household offices of daily necessity or other works of necessity or charity."

And the third count charged—

"That on the 29th day of September, 1929, on the first day of the week, commonly called Sunday, in said county of Jewell, in the state of Kansas, and within the jurisdiction of this court, one Sam Blair did then and there unlawfully and willfully sell and expose to sale goods, wares and merchandise, by then and there selling to the public generally, for valuable consideration, tickets of admission to, and the privilege and right to attend, a public moving- and talking-picture show and theater, commonly known as Blair theater, in the city of Mankato, said show and theater at all times herein mentioned being owned and operated by him, the said Sam Blair."

█ Motions to quash the information and in arrest of judgment were filed and overruled. Each motion urged that section 21-952 of the Revised Statutes is unconstitutional in that it violates rights guaranteed to the defendant by the constitution of the state of Kansas and by the constitution of the United States.

Section 21-952 of the Revised Statutes reads:

"Every person who shall either labor himself or compel his apprentice, servant or any other person under his charge or control to labor or perform any work other than the household offices of daily necessity, or other works of necessity or charity, on the first day of the week, commonly called Sunday, shall be deemed guilty of a misdemeanor, and fined not exceeding twenty-five dollars."

The defendant relies on sections one and seven of the bill of rights of the constitution of this state and on the first amendment to the constitution of the United States.

Section one of the bill of rights of the constitution of this state reads:

"All men are possessed of equal and inalienable natural rights, among which are life, liberty, and the pursuit of happiness."

Section seven of the bill of rights of the constitution of the state of Kansas, so far as material, is as follows:

"The right to worship God according to the dictates of conscience shall never be infringed; nor shall any person be compelled to attend or support any form of worship; nor shall any control of or interference with the rights of conscience be permitted, nor any preference be given by law to any religious establishment or mode of worship."

The first amendment of the constitution of the United States reads:

"Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances."

The defendant argues that the statute violates these constitutional provisions in that the statute deprives him of his right to religious freedom and compels him to accept Sunday as a day of rest. The defendant did not claim any right under section 21-953, which provides that—

"The last section [sec. 21-952] shall not extend to any person who is a member of a religious society by whom any other than the first day of the week is observed as the Sabbath, so that he observes such Sabbath, nor to prohibit any ferryman from crossing passengers on any day in the week."

The constitutionality of statutes similar to the one here under consideration has been before the courts of this country for consideration on a number of occasions and nearly always those statutes have been held to be constitutional and not to violate any right of religious freedom. (*Hennington v. Georgia,* 163 U. S. 299; *Petit v. Minnesota,* 177 U. S. 164; Note to *Judefind v. State,* 22 L. R. A. 721; 37 Cyc. 541; 25 R. C. L. 1417.)

We are not without decisions of this court which, although not directly in point, are persuasive that the statute under consideration does not violate any constitutional provision. (*Topeka v. Crawford,* 78 Kan. 583, 96 Pac. 862; *State v. Weldy,* 113 Kan. 734, 215 Pac. 1005; *State v. O'Donnell,* 116 Kan. 182, 225 Pac. 1078; *State v. Kelly,* 129 Kan. 849, 284 Pac. 363.) The constitutionality of this statute was not questioned in any of those cases, but the conclusions declared could not have been reached if the statute were unconstitutional.

The validity of the statute was questioned in *State v. Nesbit,* 8 Kan. App. 104, 54 Pac. 326, where the court of appeals said:

"It is within the constitutional power of the legislature to require a cessation of labor for one day in seven and to designate the day of rest. Section 298 of chapter 100, General Statutes of 1897 (Gen. Stat. 1889, ¶ 2395), is constitutional."

The statute is not unconstitutional for any of the reasons urged against it.

■ One ground of the motion to quash the information and of the motion to arrest judgment was that the facts stated in the third

count of the information did not constitute such a sale of "goods, wares or merchandise" as is contemplated by section 21-955 of the Revised Statutes, which reads:

"Every person who shall sell or expose to sale any goods, wares or merchandise, or shall keep open any grocery, on the first day of the week, commonly called Sunday, shall on conviction be adjudged guilty of a misdemeanor, and fined not exceeding fifty dollars."

The defendant argues that the sale of tickets of admission to and the privilege and right to attend a picture show does not constitute the sale of goods, wares or merchandise. What is the purpose of this statute? Its purpose is to prohibit any person from selling or exposing for sale any kind of property except those articles mentioned in the succeeding section which includes drugs, medicines, provisions and other articles of immediate necessity. Theater tickets are personal property which can be sold. Their value is not in the ticket but is in the right that the ticket gives to the holder, the right to be entertained in the theater at the time and place specified in the ticket. The terms "goods, wares or merchandise" have been held to include lottery tickets. (*Yohe v. Robertson*, 2 Wharton's Reports [Pa.] 155, 162.) For the purposes of this case, it is not advisable to attempt to define more specifically the words "goods, wares or merchandise," nor to attempt to state all that is comprehended by them. All that is necessary is to determine whether or not tickets to "a public moving- and talking-picture show and theater" come within the expression "goods, wares or merchandise." The majority of the court, after consideration of the matter, is of the opinion that the words used in the statute include, within their meaning, theater tickets such as are described in the third count of the information on which the defendant was tried.

The judgment is affirmed.

JOCHEMS, J. (dissenting): I dissent from paragraph two of the syllabus and that portion of the opinion relating thereto.