No. 29,830.

THE STATE OF KANSAS, *Appellee*, v. ALVIN HAINING, *Appellant*.

(293 Pac. 952.)

Opinion filed December 6, 1930.

*D. M. McCarthy* and *George E. Teeple*, both of Mankato, for the appellant.
*William A. Smith*, attorney-general, *R. O. Mason*, assistant attorney-general, and *L. E. Weltmer*, county attorney, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: An information drawn under R. S. 21-955 charged that on Sunday, June 22, 1930, the defendant sold and exposed to sale goods, wares and merchandise by then and there selling to

the public generally, for a valuable consideration, the privilege and right to attend and be entertained in a public movie and talkie show and theater at Mankato. Defendant's motion to quash the information was overruled, whereupon he waived formal arraignment and trial by jury and pleaded not guilty. He admitted all facts contained in the information, saving to himself the question raised in his motion to quash the information. The county attorney then admitted that defendant is a *bona fide* Seventh Day Adventist and as such comes within the exceptions contained in R. S. 21-953 to the offenses defined by R. S. 21-952, and further admitted that no tickets of admission were by defendant sold, or offered for sale, on the date named in the information. The defendant admitted that he did charge the ordinary and regular price of admission, upon the payment of which persons were allowed to enter the theater and attend the show.

Upon the facts admitted the court found defendant guilty and sentenced him to pay a fine and the costs.

Defendant appeals and contends (1) that R. S. 21-955 is unconstitutional in that it deprives him of rights guaranteed to him by the constitution of the state of Kansas and the constitution of the United States; and (2) that the facts alleged in the information do not constitute a sale of goods, wares or merchandise as contemplated by R. S. 21-955. This statute reads:

"Every person who shall sell or expose to sale any goods, wares or merchandise, or shall keep open any grocery, on the first day of the week, commonly called Sunday, shall on conviction be adjudged guilty of a misdemeanor, and fined not exceeding fifty dollars."

On the first point appellant points out no provision of the constitution of the United States which he claims is violated by the statute in question, but does argue that the statute is unconstitutional in that it attempts to deprive him of rights guaranteed him by sections 1 and 7 of the bill of rights of the constitution of the state. Section 1 of the bill of rights reads:

"All men are possessed of equal and inalienable natural rights, among which are life, liberty, and the pursuit of happiness."

Appellant argues that the statute which makes it an offense for him to sell admissions to his theater on Sunday deprives him of some of those rights. The statute in question is one of those enacted under the police power of the state. Such statutes almost invariably

limit or restrict in some way the activities of individuals, and are not void or unconstitutional because they do so.

Section 7 of the bill of rights reads:

"The right to worship God according to the dictates of conscience shall never be infringed; nor shall any person be compelled to attend or support any form of worship; nor shall any control of or interference with the rights of conscience be permitted, nor any preference be given by law to any religious establishment or mode of worship. No religious test or property qualification shall be required for any office of public trust, nor for any vote at any election, nor shall any person be incompetent to testify on account of religious belief."

We are unable to see how the statute in question violates this constitutional provision. It is not argued that defendant, in operating his theater, was engaged in worship, hence his right to do so was not infringed; neither is it argued that the statute compelled defendant to attend or support any form of worship, or that the statute attempts to control or interfere with his conscience, unless it can be said that his conscience prompted him to violate the law. Statutes making it an offense to sell or expose for sale goods, wares or merchandise on Sunday, with exceptions as to drugs, provisions, or articles of immediate necessity, as provided in R. S. 21-956, have been adopted in most of the states. Such statutes are not void because they do not exempt from their operation Seventh Day Adventists or others who worship on some day of the week other than Sunday. (See 27 A. & E. Ency. of L., 2d ed., 390; 37 Cyc. 541; 25 R. C. L. 1415, and cases cited under these texts; also, see cases cited in *State v. Blair,* 130 Kan. 863, 865, 288 Pac. 729.) Appellant calls our attention to R. S. 21-952, making it an offense for a person to labor on Sunday, which, by R. S. 21-953, does not apply to a person who is a member of a religious society which observes some day other than the first day of the week as the Sabbath. He argues that R. S. 21-952 would not be valid were it not for R. S. 21-953. We do not have that question before us for determination, but from that premise appellant reasons that R. S. 21-955 is not valid because it does not have a similar exception. No authorities are cited to sustain that view, and our own research has disclosed none. We prefer to follow the general rule and say that R. S. 21-955 is valid and applies to all persons, irrespective of what day of the week they observe as the Sabbath.

On the second point appellant argues that the sale of the right to enter and be entertained at the theater without selling tickets for

such admission is not a sale of goods, wares or merchandise as that term is used in R. S. 21-955. In *State v. Blair*, supra, it was held the sale of tickets to a theater to be a sale of goods, wares or merchandise. The only valuable thing about the ticket is the right to enter the theater and be entertained. The ticket itself is only the token or evidence of that right. Now if defendant sits at the door of his theater and sells the right to enter and be entertained, the fact that he did not give the purchaser of that right a ticket or token is of no consequence. He did sell it and convey it to him by parol as distinct from a written evidence of it.

The judgment of the court below is affirmed.

JOCHEMS, J., concurs in the view that R. S. 21-955 is constitutional, but adheres to his dissent expressed in *State v. Blair*, 130 Kan. 863, 288 Pac. 729, on the point that the sale of tickets, or the right of admission to a theater, is an offense under the section.