**BOYNTON, Attorney General of Kansas, et al. v. ELLIS.**

No. 598.

Circuit Court of Appeals, Tenth Circuit.
March 30, 1932.

R. O. Mason, of Topeka, Kan. (Roland Boynton, of Topeka, Kan., on the brief), for appellants.

Jerome S. Koehler, of Kansas City, Kan. (Roy R. Hubbard, of Kansas City, Kan., and T. W. Bell, of Leavenworth, Kan., on the brief), for appellee.

Before LEWIS and COTTERAL, Circuit Judges, and KENNAMER, District Judge.

COTTERAL, Circuit Judge.

This is an appeal from an interlocutory order enjoining the Attorney General and other prosecuting officers of the state of Kansas from seizing, confiscating, or destroying mint vending machines owned, operated or maintained by the appellee, or arresting, prosecuting, or molesting him or his agents,

employees, and successors in the operation of such machines.

The jurisdiction of the District Court is challenged by appellant. The primary facts alleged to sustain it were diversity of citizenship and more than $3,000 in dispute. They were sufficient to bring the case generally within the jurisdiction of a federal District Court. The equity jurisdiction of the court was properly invoked because of the multiplicity of criminal suits which the plaintiff and his patrons would be required to defend, in the absence of an injunction. The question of the power to enjoin criminal prosecutions is presented. It is well settled this jurisdiction may be exercised before they are instituted, "when the circumstances are exceptional and the danger of irreparable loss is both great and immediate." Cline v. Frink Dairy Co., 274 U. S. 445, at pages 451 and 452, 47 S. Ct. 681, 683, 71 L. Ed. 1146. This case falls within the exception, because it is alleged in plaintiff's bill, and it is conceded, that the defendants threaten to interfere with his valuable property rights and to destroy his business in the state.

The appellee insists that the allowance of the interlocutory injunction was discretionary and should not be reviewed or set aside for that reason. The Supreme Court has laid down a guiding rule on the subject. The State of Alabama v. United States, 279 U. S. 229, 49 S. Ct. 266, 73 L. Ed. 675; National Fire Ins. Co. v. Thompson, 281 U. S. 331, 50 S. Ct. 288, 74 L. Ed. 881; Meccano, Limited, v. John Wanamaker, 253 U. S. 136, 40 S. Ct. 463, 64 L. Ed. 822; Chicago G. W. R. Co. v. Kendall, 266 U. S. 94, 45 S. Ct. 55, 69 L. Ed. 183. That rule is "upon appeal an order granting or denying such an injunction will not be disturbed unless contrary to some rule of equity, or the result of improvident exercise of judicial discretion."

An interference with criminal prosecutions in a state is a serious matter, and calls for a speedy adjudication. Doubtless all the facts pertinent to a final decision in this case are set out in plaintiff's bill. And, as counsel have fully discussed the controversy, there is no sufficient reason to pass it to a final hearing. It is clearly within our power to decide it. Consolidated Cement Corp. v. Pratt (C. C. A.) 47 F.(2d) 90, 96. We therefore proceed to determine whether the bill pleads sufficient equity to sustain it; that is, whether the appellee's slot machines are gambling devices and are violative of the state law and of certain municipal ordinances of Kansas City, Kan., which are directly assailed in this case.

The statutes of Kansas which are questioned are found in the Revision of 1923. They penalize the setting up, keeping, or operation of gambling devices. Section 21—915 describes them as any table or device adapted and designed to play any game of chance for money or property. Section 21—1507 denounces slot machines in the operation of which cash prizes or other valuable things are given. And section 21—1508 fixes a punishment for setting up or keeping where merchandise is sold or kept for sale any slot machine designed for the purpose of playing any game of chance for money or property. The Kansas City ordinances do not differ materially from the statutes.

Appellee's slot machines are constructed so that a patron by inserting a nickel in a slot receives a package of mints and also by chance a varying number of tokens or checks which may be re-played in the machine and produce on rotating cylinders colored pictures, and across them are exhibited fortune-telling remarks, "wise-cracks," etc.

It seems clear to us that these tokens or checks which are obtained by chance represent some value and constitute property. The best reason for this view is that the public is thereby enticed into patronizing the machines. It is the professed object of installing them. The tokens or checks may be likened to theater tickets in representing a means of amusement. The tickets have value. State v. Blair, 130 Kan. 863, 288 P. 729; State v. Haining, 131 Kan. 854, 293 P. 952.

The principle generally sustained by the courts is that, "where one who plays a slot machine stands to win or lose money, trade, or checks, by hazard or chance, the machine is a gambling device." 27 C. J. p. 989. Otherwise stated, it is that "any slot machine * * * will be deemed to be an unlawful gambling device, where the one who plays the machine stands to win or lose money, trade checks, or prizes, by a chance, or more broadly, where there is an element of chance in its operation." 12 R. C. L. p. 730.

These texts are supported by a wealth of decisions. Statutes like those of Kansas may be regarded as condemning an extreme instance of gambling, but the wisdom of the enactments is a legislative question. They fall within the police power of a state. By uniform authority appellee's machines must be classified as gambling devices. The following cases are squarely in point: Harvie

v. Heise, 150 S. C. 277, 148 S. E. 66; Rankin v. Mills Novelty Co., 182 Ark. 561, 32 S.W. (2d) 161; Howell v. State (Ark.) 40 S.W. (2d) 782; State v. Mint Vending Machine Co., 85 N. H. 22, 154 A. 224; Jenner v. State, 173 Ga. 86, 159 S. E. 564; State v. Grimes, 49 Minn. 443, 52 N. W. 42.

A leading case cited by the plaintiff is People v. Jennings, 257 N. Y. 196, 177 N. E. 419. The ruling was there was no offense under section 982 of the state Penal Law. But it was pointed out that the prosecution was not based on section 970-a, which condemned a machine in the operation of which there is an element of chance for the winning or losing of money or other things of value.

 Our conclusion is that appellee's slot machines are gambling devices, and their operation is violative of the valid laws of Kansas and of like ordinances of its municipalities, as the tokens or checks which are delivered in varying numbers by chance enable patrons who receive them in connection with the purchase of mints to obtain in addition something of value. The value may be slight, but still it is property, in that it affords amusement to the players which entices them into patronizing the machines.

Counsel for appellee advance other grounds in support of the interlocutory injunction, but we regard them as devoid of merit. That order is accordingly reversed, with direction to proceed in the case consistently with this opinion.

Reversed.