**BOYNTON, Atty. Gen. of Kansas, v. FOX WEST COAST THEATRES CORPORATION et al. (CITY OF WINFIELD et al., Interveners).**

**No. 614.**

Circuit Court of Appeals, Tenth Circuit.

Aug. 1, 1932.

See, also, 60 F.(2d) 851.

Roland Boynton, Atty. Gen., and William C. Ralston, Asst. Atty. Gen., for appellant.

Hal M. Black and C. L. Kagey, both of Wichita, Kan., for appellees.

S. C. Bloss, of Winfield, Kan., and R. T. McCluggage, of El Dorado, Kan., for interveners.

Before COTTERAL, PHILLIPS, and McDERMOTT, Circuit Judges.

PHILLIPS, Circuit Judge.

The city of Winfield, its mayor, chief of police, and city attorney, with leave of court, filed herein their verified petition of intervention in which they alleged that on March 10, 1932, C. L. Kagey and Hal M. Black, attorneys for the appellees herein, served them by registered mail with a copy of the interlocutory injunction entered herein on December 26, 1931, together with a letter signed by Messrs. Kagey and Black, which stated that the interlocutory order ran to all officers subordinate to the Attorney-General.

The city of Eldorado, its mayor, chief of police, city attorney, and two of its commissioners, with leave of court, filed herein their verified petition of intervention in which they alleged that on March 25, 1932, an office assistant of Messrs. Kagey and Black delivered to them a certified copy of such interlocutory injunction, together with a letter of Messrs. Kagey and Black, which stated in part that they were advised the officers of Eldorado contemplated interfering with the operation of the Fox theaters in Eldorado on Sunday, and that in the event of such interference they would file contempt proceedings against such officers.

Such intervening petitions prayed that such interlocutory injunction be construed by this court and adjudged to be inapplicable to the interveners, and that the services of such notices be set aside and held for naught.

Orders were entered granting appellees ten days within which to file responses to such petitions. The appellees have made no responses thereto and are in default.

The interlocutory injunction above referred to, omitting the formal parts, reads as follows:

"It Is by the Court Ordered that the defendant, Roland Boynton, as Attorney General of the State of Kansas, and his subordinates herein named, and the defendants and each of them, and every other person acting or attempting to act for said defendants during the pendency of the above entitled cause are hereby restrained and enjoined from in any way interfering with the operation of plaintiffs' films or business in any place what-

soever within the State of Kansas; that the bond in the penal sum of $1,000.00 filed with the clerk of this court, conditioned upon the payment of such costs or damages as may be suffered or incurred by any party who has been wrongfully enjoined hereby, shall remain in full force and effect."

The interveners were not parties to this suit at the time the interlocutory injunction was issued. They are in no sense subordinates of the Attorney-General or the county attorney of their respective counties. They are not charged with the enforcement of state statutes. Their jurisdiction and duties have to do only with city ordinances. The appellees, plaintiffs below, did not seek to restrain and the injunction order did not pretend to restrain the enforcement of city ordinances. The injunction sought and granted was against the enforcement of section 21—952, Kan. R. S. 1923, which is set out in the principal opinion herein (see 60 F.(2d) 851). The interveners were in no sense bound by such injunction order and it was an abuse of the process of the lower court to serve such injunction order upon them and to pretend to bind them thereby.

Let an order be entered adjudging that interveners are not bound by such injunctive decree, setting aside and holding for naught the notices served upon the interveners, and taxing the costs arising from such interventions against the appellees.